# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DINO STAMP, B-31893,    ) | |
|                         ) | |
|         **Plaintiff,** ) | |
|                         ) | |
| vs.                     ) | Case No. 19-cv-00676-NJR |
|                         ) | |
| DR. SIDDIQUI,           ) | |
| ANGELA CRAIN,           ) | |
| and DR. BARNETT,        ) | |
|                         ) | |
|         **Defendants.** ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Dino Stamp, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred at Menard Correctional Center ("Menard").[1] (Doc. 1, pp. 1-80). Plaintiff claims that while he was at Menard, he was denied timely and adequate medical treatment for hemorrhoids and an anal fistula. *Id*. He seeks money damages and corrective surgery. (Doc. 1, p. 7).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Plaintiff initially filed this action without paying a filing fee or filing a motion for leave to proceed *in forma pauperis* ("IFP"). He was ordered to do one or the other by July 25, 2019. (Doc. 2). Prior to the deadline, Plaintiff filed an IFP motion, which was granted on July 24, 2019. (Docs. 3, 5-7).

**The Complaint**

In his Complaint, Plaintiff makes the following allegations (Doc. 1, pp. 6, 9-80): Dr. Siddiqui referred Plaintiff to a surgeon at Memorial Hospital for treatment of hemorrhoids and an anal fistula in 2018.[2] (Doc. 1, p. 6). The surgeon, Dr. Barnett, ultimately performed two procedures on Plaintiff in June and December 2018. (Doc. 1, pp. 6, 53-55). Both were unsuccessful and "only made [Plaintiff's] condition worse." (*Id.*). Following the first procedure, Plaintiff reported drainage of fecal matter from his wound and pain that persisted for months. (Doc. 1, pp. 6, 9-80). Dr. Siddiqui eventually prescribed him a course of antibiotics in August 2018 but said there was nothing more he could do. The doctor referred Plaintiff to the surgeon for further evaluation and recommended sitz baths to soothe the pain.[3] (*Id.*). Plaintiff filed a grievance regarding his delayed post-operative care, unabated wound drainage, and ongoing pain in October 2018. (Doc. 1, pp. 6, 9-11). Dr. Siddiqui and Angela Crain (health care unit ("HCU") administrator) waited until March 2019 to respond. By this time, Plaintiff had undergone a second surgery and a prison transfer. (*Id.*). He continues to suffer daily pain and seeks corrective surgery. (Doc. 1, p. 6).

Based on the allegations in the Complaint, the Court finds it convenient to designate a single count in this the *pro se* action:

**Count 1:** Eighth Amendment claim against Defendants for responding to Plaintiff's hemorrhoids and anal fistula with deliberate indifference.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

---

[2] Plaintiff does not indicate who diagnosed him with hemorrhoids or an anal fistula but insists that he should have been seen by a "rectum specialist" before undergoing surgery.
[3] The sitz baths were allegedly ineffective.

**Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[4]

## Discussion

The Eighth Amendment to the United States Constitution imposes a duty on government officials to provide medical care to inmates. *Townsend v. Cooper*, 759 F.3d 678, 689 (7th Cir. 2014). Prison officials violate the Eighth Amendment when they exhibit deliberate indifference to serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Plaintiff's medical conditions were diagnosed by a physician as requiring surgical treatment and are therefore sufficiently serious to support a claim. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (defining serious medical need to include those conditions that have been diagnosed by a physician as mandating treatment or are so obvious that a lay person would recognize the need for treatment).

Dr. Siddiqui allegedly responded to the conditions with deliberate indifference when he delayed post-operative care following the first procedure in June 2018 and denied care following the second procedure in December 2018. Although Plaintiff regularly complained of wound drainage and pain, the allegations suggest that the doctor persisted in an ineffective course of treatment with antibiotics and sitz baths before simply ignoring Plaintiff.[5] *See Berry v. Peterman*, 604 F.3d 435, 438 (7th Cir. 2010) (persisting in an easy but ineffective course of treatment that unnecessarily prolongs an inmate's pain and suffering can constitute deliberate indifference). Count 1 shall receive further review against Dr. Siddiqui.

The allegations do not support a deliberate indifference claim against HCU Administrator Crain. This defendant allegedly waited almost five months to respond to Plaintiff's October 2018

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[5] The doctor referred Plaintiff for surgery twice and therefore did not completely ignore his complaints, but the allegations suggest that Dr. Siddiqui's delays in post-operative care caused Plaintiff unnecessary and prolonged pain.

grievance. Plaintiff did not address the grievance to her, however, and he describes no other direct or indirect contact with her about inadequate medical care. (Doc. 1, pp. 53-55). Count 1 shall be dismissed without prejudice against HCU Administrator Crain.

Finally, the allegations support no claim of deliberate indifference against Dr. Barnett, the surgeon who performed two procedures on Plaintiff in 2018. A private medical provider may be liable for constitutional deprivations under Section 1983 in certain situations. *See, e.g., West v. Atkins*, 487 U.S. 42 (1988) (holding physician who is under contract with the State to provide medical services to inmates at a state prison on a part-time basis acts "under color of state law" within the meaning of Section 1983 when treating an inmate). But even if the Court assumes without deciding that Dr. Barnett acted under color of state law when treating Plaintiff, the allegations do not suggest that the surgeon acted with deliberate indifference. Plaintiff simply alleges that the surgeries were unsuccessful. This is not enough to establish medical malpractice, let alone deliberate indifference. *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (citing *Estelle*, 429 U.S. at 106) (Supreme Court has determined that plaintiffs must show more than mere evidence of malpractice to prove deliberate indifference). Count 1 shall be dismissed without prejudice against Dr. Barnett for failure to state a claim upon which relief may be granted.

### Request for Injunctive Relief

Plaintiff complains of the ongoing denial of medical care and seeks corrective surgery. (Doc. 1, p. 7). He is no longer housed at Menard, however, where the claims in this case arose. He is housed at Lawrence. His prayer for injunctive relief against the Menard officials is thus moot, unless he can show "a realistic possibility that he will again be incarcerated in the same state facility and therefore be subject to the actions of which he complains here." *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)). The

request for injunctive relief is denied without prejudice to Plaintiff renewing the request if he anticipates returning to Menard and facing the same conditions. This order does not preclude Plaintiff from filing a separate action against officials who have denied him care at Lawrence.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening pursuant to 28 U.S.C. § 1915A. **COUNT 1** will proceed against Defendant **SIDDIQUI**. This claim is **DISMISSED** without prejudice against Defendants **BARNETT** and **CRAIN** for failure to state a claim upon which relief may be granted. The Clerk is **DIRECTED** to **TERMINATE** Defendants **BARNETT** and **CRAIN** as parties on the docket sheet.

**IT IS ORDERED** that as to **COUNT 1,** the Clerk of Court shall prepare for Defendant **SIDDIQUI**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service as authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, his last-known address. This information shall be used only for sending the forms as directed above or formally effecting service. Any documentation of the address shall be retained by the Clerk. Address information shall not be maintained in the court file or disclosed.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the

Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **<u>Pursuant to Administrative Order No. 244, Defendant should only respond to the issues stated in this Merits Review Order</u>**.

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 31, 2019**

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**